# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| In re<br><br>**GARY J PETERSON** and<br>**BEVERLY K. BEAL**,<br><br>　　　　　　　Debtors. | Case No. **13-60973-7** |
| **DENNIS STEFANI**,<br><br>　　　　　　　Plaintiff.<br><br>-vs-<br><br>**GARY J PETERSON**,<br><br>　　　　　　　Defendant. | Adv No. **14-00009** |

## MEMORANDUM OF DECISION

At Butte in said District this 9th day of December, 2014.

This adversary proceeding is an action against Debtor/Defendant Gary J. Peterson ("Peterson") seeking exception from Debtor's discharge of a state court judgment in the amount of $25,460.00 based on actual fraud arising from a roofing contract, under 11 U.S.C. §§ 523(a)(2)(A) and § 523(a)(3)(B). Trial of this cause was held at Great Falls on November 7, 2014. Plaintiff Dennis Stefani ("Stefani") appeared and testified, represented by attorney Steven T. Potts. Defendant Peterson appeared pro se and

1

testified. Exhibits ("Ex.") 1, 2 and 3 were admitted into evidence. The Court took judicial notice of Debtors' Schedule F and amendment. At the conclusion of the parties' cases-in-chief the Court closed the record and took the matter under advisement. After review of the record and applicable law, for the reasons set forth below judgment shall be entered against the Defendant Gary J. Peterson excepting the judgment from his discharge under § 523(a)(2)(A), § 523(a)(3)(A) & (B).

This Court has original jurisdiction of Defendant's Chapter 7 bankruptcy under 28 U.S.C. § 1334(a). This adversary proceeding to determine dischargeability of a particular debt is a core proceeding under 28 U.S.C. § 157(b)(2)(I). This Memorandum of Decision includes the Court's findings of fact and conclusions of law pursuant to F.R.B.P. Rule 7052 (applying Fed. R. Civ. P. 52 in adversary proceedings).

## FACTS

The underlying facts are not subject to reasonable dispute and are set forth in Ex. 1, a certified copy of "Findings of Fact, Conclusions of Law and Judgment" entered on April 27, 2011, after a bench trial held on March 15, 2014, in the Montana Eighth Judicial District Court, in state court litigation between the same parties in Cause No. BDV-09-1175. Ex. 1.[1] Peterson was not present at the state court trial despite having been notified of the time and place of trial.

---

[1] Under Rule 201, FED. R. EVID., courts may take judicial notice of undisputed matters of public record, including documents on file in federal or state courts. *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012); *see Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002).

Among the state court Findings of Fact set forth in Ex. 1 are: That Peterson made representations to Stefani about his experience as a roofer which were false and material; that Peterson knew his representations were false and that Stefani was ignorant of the falsity of Peterson's representations; that Peterson intended that Stefani rely on Peterson's representations and that Stefani did rely on Peterson's fraudulent and false representations; that Stefani had a right to rely on Peterson's representations; and that Stefani was proximately injured by his reliance on Peterson's false representations. Ex. 1, pp. 4-5.

Among the state court's conclusions of law is that Peterson breached his contract with and committed actual fraud upon Stefani, which proximately caused Stefani damage in the amount of $25,460. Ex. 1, p. 5. The state court entered judgment against Peterson in the total amount of $25,625 including costs, based upon both Stefani's breach of contract and actual fraud claims, on April 25, 2011. Ex. 1, pp. 5-6.

Peterson filed a motion to set aside the judgment on May 27, 2011. Ex. 2. In his motion Peterson argued that he was not notified of the court date. The state court denied his motion to set aside the judgment, noting that Peterson had not complied with pretrial deadlines, did not cooperate in scheduling the pretrial conference, and had a history of not appearing with court dates and not complying with court orders.[2] Ex. 2. The court

---

[2] In the instant adversary proceeding Peterson failed to participate in or sign the proposed pretrial order, as a result of which the Court went ahead with the trial without the benefit of a pretrial order.

3

concluded that Peterson's argument that he was not notified of the trial date to be without merit, because the court itself gave Peterson the trial date both orally and by written order which was sent to Peterson's address, which remained the same throughout the proceeding. Ex. 2.

At the trial of the instant adversary proceeding Peterson testified that he missed the state court trial because his spouse was ill on the date of the state court trial and was undergoing surgery, which had been scheduled in advance. He testified that he has been a roofer for 40 years, that the roofing job for Stefani was the first problem he has ever had, and that he never got a chance to say a thing at the state court trial or mediation.

Peterson did not appeal the state court judgment; it is final. Stefani obtained writs of execution to enforce his judgment beginning in September of 2011. Ex. 3. Peterson filed a notice of his bankruptcy filing in the state court case on January 16, 2014. Ex. 3.

Peterson and his spouse filed a voluntary joint Chapter 7 petition on July 12, 2013, with Schedules and a Statement of Financial Affairs ("SOFA"). Stefani is not listed in Debtors' original Schedule F as a creditor with an unsecured nonpriority claim or elsewhere in their Schedules, for which Peterson and his spouse signed a declaration under penalty of perjury stating that they read the schedules and that they are true and correct to the best of their knowledge, information and belief. Although Stefani is not listed in Schedule F, Debtors' SOFA filed with their original Schedules lists Stefani's state court lawsuit against Peterson at Item 4 ("Suits and . . . ."), noting the judgment

4

entered and describing the nature as "lawsuit for breach of contract."

Despite listing Stefani in the SOFA, Debtors did not include Stefani in the master mailing list required under Montana Local Bankruptcy Rule 1007-2(a)(1). As a result, the notice of commencement of Debtors' bankruptcy case, creditors' meeting and deadlines was sent to creditors on July 17, 2013, but was not sent to Stefani. That notice fixed a deadline of October 11, 2013, to challenge dischargeability of certain debts. On August 15, 2013, the Clerk set a notice to file claims to creditors, fixing a deadline to file proofs of claim on November 13, 2013. That notice was sent to creditors, but not to Stefani because he still was not a scheduled creditor.

A discharge of the Debtors was entered on October 15, 2013. The discharge (Document No. 17) explains on the backside some of the common types of debts which are not discharged in a chapter 7 bankruptcy case, including "g. Some debts which were not properly listed by the debtor[.]"

On January 21, 2014, Debtors filed an amended Schedule F which lists Stefani as a creditor holding an unsecured nonpriority claim against Peterson in an unknown amount arising from the state court judgment. A final decree was entered closing the case on February 21, 2014.

Stefani commenced the instant adversary proceeding on April 28, 2014, seeking exception of his claim against Peterson under § 523(a)(2) for fraud and under § 523(a)(3)(B) because Stefani was not notified of Peterson's bankruptcy in time to permit

5

the timely filing of a proof of claim. Peterson's pro se answer denies all allegations and prays that Plaintiff take nothing.

## DISCUSSION

### I. § 523(a)(3).

Section 523(a)(3)(B) excepts from discharge a debt "neither listed nor scheduled . . . in time to permit . . . timely filing of a proof of claim and timely request for a determination of dischargeability of such debt," unless the creditor "had notice or actual knowledge of the [bankruptcy] case in time for such timely filing and [complaint]." 11 U.S.C. § 523(a)(3)(B); *See Anwar v. Johnson*, 720 F.3d 1183, 1187 n. 5 (9th Cir. 2013). A § 523(a)(3)(B) complaint as to nondischargeability of a debt can be brought at virtually any time of the creditor's choosing. *Partners for Health and Home, L.P. v. Seung Wee Yang*, 488 B.R. 109, 118 (C.D. Cal. 2012), *In re Bartomeli*, 303 B.R. 254, 269 (Bankr. D. Conn. 2004).

Ninth Circuit case law construing § 523(a)(3)(B), which this Court is bound to follow, is discussed in a concurrence written in *Beezley v. Cal. Land Title Co. (In re Beezley)*, 994 F.2d 1433 (9th Cir. 1993), and was adopted by the full circuit in *White v. Nielsen (In re Neilsen)*, 383 F.3d 922 (9th Cir. 2004). The following lengthy quotation from *Beezley* provides important policy context for the instant adversary proceeding:

> Section 523(a) provides in part:
>
> (a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt-

6

>> (3) neither listed nor scheduled ... in time to permit-
>
>> (A) if such debt is not of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing; or
>
>> (B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request[.]

Unscheduled debts are thus divided into two groups: those that are "of a kind specified in paragraph (2), (4), or (6) of this subsection," and those that are not. Loosely speaking, the paragraphs in question describe debts arising from intentional wrongdoing of various sorts (respectively, fraud, fiduciary misconduct, and the commission of malicious torts). What distinguishes these from all other debts is that, under section 523(c) and rule 4007(c), a creditor must file a complaint in the bankruptcy court within 60 days after the date established for the first meeting of creditors in order to assert their nondischargeability. Failure to litigate the dischargeability of these sorts of debts right away disables the creditor from ever doing so; an intentional tort debt will be discharged just like any other.

 Section 523(a)(3) threatens nondischargeability in order to safeguard the rights of creditors in the bankruptcy process. The difference between subparagraphs (A) and (B) reflects the different rights enjoyed by and requirements imposed upon different kinds of creditors. For most creditors, the fundamental right enjoyed in bankruptcy is to file a claim, since this is the sine qua non of participating in any distribution of the estate's assets. Section 523(a)(3)(A) safeguards this right by excepting from discharge debts owed to creditors who did not know about the case in time to file a claim. By contrast, for creditors holding intentional tort claims the salient rights are not only to file a claim but also to secure an adjudication of nondischargeability. Thus, section 523(a)(3)(B) excepts intentional tort

7

> debts from discharge notwithstanding the creditor's failure to file a timely complaint under section 523(c) if the creditor did not know about the case in time to file such a complaint (even if it was able to file a timely proof of claim).

*Beezley*, 994 F.2d at 1435-36.

The state court judgment entered against Peterson in Cause No. BDV-09-1175 is based upon both Stefani's breach of contract claim and his actual fraud claim. Ex. 1. The judgment does not allocate the award between the two claims for relief. Ex. 1. Thus, Stefani's judgment for breach of contract falls under § 523(a)(3)(A) as not of a kind specified in § 523(a)(2), and his judgment for actual fraud is an intentional tort which falls under § 523(a)(2)(B).

Peterson did not list Stefani's claim in his original Schedules, as a result of which Stefani was not afforded his fundamental right to file a claim for his breach of contract claim before the claims deadline. *Beezley*, 994 F.2d at 1435-36. In addition Stefani was not afforded his right to bring a dischargeability complaint by the discharge deadline. *Id*. Thus, under § 523(a)(3)(A), Stefani's breach of contract claim is excepted from Peterson's discharge because Debtors neither listed nor scheduled Stefani's breach of contract claim in time to permit Stefani to file a proof of claim. *Beezley*, 994 F.2d at 1435. Debtors' original Schedule F does not list Stefani's breach of contract claim, even though Peterson signed his Schedules under penalty of perjury declaring that they were true and correct.

Peterson cannot argue that he was not aware of Stefani's breach of contract claim,

because he listed Stefani's breach of contract claim on his SOFA filed with his original Schedules. That listing, however, did not result in Stefani being given notice of the commencement of the case and notice of claims bar date. No evidence exists in the record that Stefani had actual knowledge of the case or claims bar date in time to file a proof of claim. Debtors amended their Schedule F on January 21, 2014, shortly after the date they filed notice of the bankruptcy in the state court case docket. Ex. 3. The claims bar date expired November 13, 2013. Based on the evidence showing that Stefani had no notice or knowledge of Peterson's bankruptcy case in time to permit timely filing of a proof of claim, Stefani is entitled to judgment excepting from Peterson's discharge the judgment for breach of contract in the amount of $25,625.00 under § 523(a)(3)(A).

## II. 523(a)(2)(A) & § 523(a)(3)(B).

The principal purpose of the Bankruptcy Code is to grant a "fresh start" to the "honest but unfortunate debtor." *Marrama v. Citizens Bank of Mass.*, 549 U.S. 365, 367, 127 S.Ct. 1105, 1107, 166 L.Ed.2d 956 (2007). Debtors' failure to include Stefani's claim in their Schedules in time to allow him to file a timely proof of claim does not put them in a good light. The "fresh start" is explained by the Ninth Circuit Bankruptcy Appellate Panel in *Albarran v. New Forms, Inc. (In re Albarran)*, 347 B.R. 369, 379 (9th Cir. BAP 2006):

> The general policy of bankruptcy law favors allowing an honest debtor to discharge debts and to make a fresh start free from the burden of past indebtedness. *See Lines v. Frederick*, 400 U.S. 18, 19, 91 S.Ct. 113, 27 L.Ed.2d 124 (1970). Thus, because a debtor in bankruptcy is assumed to be

9

poor but honest, there is a presumption that all debts are dischargeable unless a party who contends otherwise proves, with competent evidence, an exception to discharge. *See Brown v. Felsen*, 442 U.S. 127, 128-29, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979); Hon. Barry Russell, BANKRUPTCY EVIDENCE MANUAL ¶ 301.60, p. 870 (2006 ed.).

The corollary to this policy is that only the "honest but unfortunate" debtor is entitled to an entirely unencumbered fresh start. *Grogan v. Garner*, 498 U.S. 279, 286-87, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991).

*Grogan*, in further explaining the "fresh start" policy of the Bankruptcy Code, states that "a central purpose of the Code is to provide a procedure by which certain insolvent debtors can reorder their affairs, make peace with their creditors, and enjoy 'a new opportunity in life with a clear field for future effort, unhampered by the pressure and discouragement of preexisting debt.' *Local Loan Co. v. Hunt*, 292 U.S. 234, 244, 54 S.Ct. 695, 699, 78 L.Ed. 1230 (1934)." *Grogan*, 498 U.S. at 286, 111 S.Ct. at 659.

In a nondischargeability claim the burden of proof falls on the creditor to prove the elements by a preponderance of the evidence. *Grogan*, 498 U.S. at 291, 111 S.Ct. at 661 ("We hold that the standard of proof for the dischargeability exceptions in 11 U.S.C. § 523(a) is the ordinary preponderance-of-the-evidence standard."); *In re Branam*, 226 B.R. 45, 52 (9th Cir. BAP 1998), *aff'd*, 205 F.3d 1350 (9th Cir. 1999). In order to give effect the fresh start, exceptions to discharge are strictly construed against an objecting creditor and in favor of the debtor. *Snoke v. Riso (In re Riso)*, 978 F.2d 1151, 1154 (9th Cir. 1992); *In re Klapp*, 706 F.2d 998, 999 (9th Cir. 1983).

Section 523(a)(2)(A) provides that, "a discharge under . . . this title does not

10

discharge an individual debtor from any debt – (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by – (A) false pretenses, a false representation, or actual fraud, . . . ."  To prevail on a § 523(a)(2)(A) claim, a creditor must establish five elements: "'(1) misrepresentation, fraudulent omission or deceptive conduct by the debtor; (2) knowledge of the falsity or deceptiveness of his statement or conduct; (3) an intent to deceive; (4) justifiable reliance by the creditor on the debtor's statement or conduct; and (5) damage to the creditor proximately caused by its reliance on the debtor's statement or conduct.'" *Oney v. Weinberg (In re Weinberg)*, 410 B.R. 19, 35 (9th Cir. BAP 2009) (*quoting Turtle Rock Meadows Homeowners Ass'n v. Slyman (In re Slyman)*, 234 F.3d 1081, 1085 (9th Cir. 2000)); s*ee also Harmon v. Kobrin (In re Harmon)*, 250 F.3d 1240, 1246 (9th Cir. 2001*); Am. Express Travel Related Servs. Co. Inc. v. Hashemi (In re Hashemi),* 104 F.3d 1122, 1125 (9th Cir.1996).  Notwithstanding the weighty burden, a creditor bears the burden of proof to establish each of the five elements by a preponderance of the evidence.  *Slyman*, 234 F.3d at 1085.

Ex. 1 includes specific findings: That Peterson made representations to Stefani about his experience as a roofer, which were false and material; that Peterson knew his representations were false and that Stefani was ignorant of the falsity of Peterson's representations; that Peterson intended that Stefani rely on Peterson's representations and that Stefani did rely on Peterson's fraudulent and false representations; that Stefani had a

11

right to rely on Peterson's representations; and that Stefani was proximately injured by his reliance on Peterson's false representations. Ex. 1, pp. 4-5. The state court concluded that Peterson "committed actual fraud upon Stefani" and awarded Stefani judgment against Peterson in the total amount of $25,625.00. Ex. 1. That judgment is final.

The Montana Supreme Court set out a four part test that must be met for res judicata or claim preclusion to apply in *In the Matter of B.P. and A.P.*, 2001 MT 219, ¶ 14, 306 Mont. 430, 433, 35 P.3d 291, 294: "[T]he parties or their privies are the same; the subject matter of the claim is the same; the issues are the same and relate to the same subject matter, and the capacities of the persons are the same in reference to the subject matter and the issues." All four parts of that test are shown as present. Peterson and Stefani are the same parties as in Cause No. BDV-09-1175; the subject matter of that case is the same roofing agreement as in the instant adversary proceeding; the issues are the same and relate to the same subject matter; and the capacities of the persons are the same in reference to the subject matter and the issues.

In *Shepherd, et al. v. Mading (In re Mading)*, this Court applied a 4-part test for collateral estoppel (issue preclusion), and concluded that a state court judgment against the debtor for actual fraud was entitled to collateral estoppel (issue preclusion) effect for exception from debtor's discharge for fraud under § 523(a)(2)(A). 11 Mont. B.R. 99, 111-12 (Bankr. D. Mont. 1992). The district court affirmed, quoting the United States Supreme Court in *Grogan v. Garner*, "all creditors who have secured fraud judgments,

the elements of which are the same as those of the fraud discharge exception, will be exempt from discharge under collateral estoppel principles." *Mading v. Shepherd*, 12 Mont. B.R. 293, 297, 302 (D. Mont. 1994). The Ninth Circuit affirmed in an unpublished decision. *Mading v. Shepherd, et al.*, 45 F.3d 436, 1994 WL 718767 (9th Cir. 1994).

The decision in Cause No. BDV-09-1175 is a judgment based in part on actual fraud, which this Court in *Mading* held is entitled to preclusive effect. A certified copy of the state court's Findings of Fact, Conclusions of Law and Judgment was admitted into evidence at trial of this adversary proceeding. The Defendant had notice of the trial and appeared and testified.

The doctrine of collateral estoppel or issue preclusion applies in dischargeability proceedings to preclude relitigation of state court findings relevant to exceptions to discharge. *Grogan v. Garner*, 498 U.S. at 284 n. 11, 111 S.Ct. 654; *Harmon v. Kobrin (In re Harmon)*, 250 F.3d 1240, 1245 (9th Cir. 2001); *T & D Moravits & Co. v. Munton (In re Munton)*, 352 B.R. 707, 712 (9th Cir. 2006). The party asserting issue preclusion bears the burden of proof as to all elements, and must introduce a sufficient record to reveal the controlling facts and the exact issues litigated. *Child v. Foxboro Ranch Estates, LLC (In re Child)*, 486 B.R. 168, 172 (9th Cir. BAP 2013).

The test in Montana to apply collateral estoppel or issue preclusion is stated in *In re Estates of Swanson*, 2008 MT 224, ¶ 16, 344 Mont. 266, 187 P.3d 631:

> (1) the issue decided in the prior adjudication is identical with the one presented in the action in question;

>(2) there was a final judgment on the merits; and
>(3) the party against whom collateral estoppel is asserted was a party or in privity with a party to the prior adjudication;

*In re Houston*, 2008 WL 5971043 (Bankr. D. Mont. 2008); *see also Safeco Inc. Co. of Am. v. Liss*, 2000 MT 380, ¶¶ 45, 46, 48, 51, 303 Mont. 519, ¶¶ 45, 46, 48, 51, 16 P.3d 299, ¶¶ 45, 46, 48, 51. Those three requirements under Montana law for collateral estoppel (issue preclusion) are shown to be satisfied. The issue of actual fraud in Cause No. BDV-09-1175 is identical to the actual fraud presented in the instant adversary proceeding. A final judgment was entered on the merits in BDV-09-1175, despite Peterson's failure to attend that trial. Peterson is the same defendant as in BDV-09-1175.

Stefani offered into evidence Ex. 1, which includes specific findings that Peterson made representations to Stefani about his experience as a roofer, which were false and material; that Peterson knew his representations were false and that Stefani was ignorant of the falsity of Peterson's representations; that Peterson intended that Stefani rely on Peterson's representations and that Stefani did rely on Peterson's fraudulent and false representations; that Stefani had a right to rely on Peterson's representations; and that Stefani was proximately injured by his reliance on Peterson's false representations. Ex. 1, pp. 4-5. Based on Ex. 1, the Court concludes that Stefani satisfied his burden of proof as to all elements under § 523(a)(2)(A), *Mading, supra*, and introduced a sufficient record to reveal the controlling facts and the exact issues litigated in state court. *Child,* 486 B.R. at 172.

The "preferable approach . . . in the federal courts is not to preclude the use of offensive collateral estoppel, but to grant trial courts broad discretion to determine whether it should be applied." *In re Lopez,* 367 B.R. 99, 107-08 (9th Cir. BAP 2007) (quoting *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 331 & nn.14-16 (1979)).  Under both federal law and Montana law, a bankruptcy court retains discretion whether to apply collateral estoppel (issue preclusion) even where the technical requirements are met, because "issue preclusion is not applied automatically or rigidly, and courts are permitted to decline to give issue preclusive effect to prior judgments in deference of countervailing considerations of fairness." *Lopez*, 367 B.R. at 108.

Based on Ex. 1, this Court exercises its discretion to apply collateral estoppel (issue preclusion) to the Findings of Fact, Conclusions of Law and Judgment entered against Peterson for actual fraud in Cause No. BDV-09-1175 and enters judgment against Peterson excepting his debt to Stefani from his discharge under § 523(a)(2)(A) and § 523(a)(3)(B) for actual fraud in the amount of $25,625.00.

## CONCLUSIONS OF LAW

1.  This Court has jurisdiction of this adversary proceeding under 28 U.S.C. § 1334(b).

2.  Stefani's complaint seeking a determination as to the dischargeability of particular debt is a core proceeding under 28 U.S.C. §§ 157(b)(2)(I).

3.  Stefani satisfied his burden under 11 U.S.C. § 523(a)(2)(A), § 523(a)(3)(A) and

§ 523(a)(3)(B) to show that his debt should be excepted from Defendant's discharge in the amount of $25,625.00.

**IT IS ORDERED** a separate Judgment shall be entered against the Defendant Gary J. Peterson in favor of the Plaintiff, excepting from Peterson's discharge the state court judgment award in the amount of $25,625.00, plus interest from the date of the state court judgment, under 11 U.S.C. §§ 523(a)(2)(A), § 523(a)(3)(A) and § 523(a)(3)(B).

BY THE COURT

/s/ Ralph B Kirscher
HON. RALPH B. KIRSCHER
U.S. Bankruptcy Judge
United States Bankruptcy Court
District of Montana